O’Neill, J.,
dissenting.
{¶ 54} This is not a difficult class to define, and this case represents a perfect opportunity to breathe life into class actions in Ohio. Class actions promote judicial economy and allow resolution of'issues that are economically unsolvable via individual actions. It goes without saying that one lawsuit that resolves one question is preferable to one thousand lawsuits on the same question. For the following reasons, I must respectfully dissent.
{¶ 55} The majority’s analysis fails to differentiate between the factual showing that plaintiffs must make to be entitled to class certification and the factual showing that plaintiffs must make to survive a motion for summary judgment. While it may be difficult to separate them in some cases, here it is not. Civ.R. 23(B)(3) requires that “the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.” The theory justifying certification of the class in this case is twofold. First, it is alleged that State Farm had an obligation to disclose to its policyholders that it would pay the actual cash value or replacement cost of a windshield, less the policy deductible, in the same circumstances in which it would pay for the cheaper and less reliable repair of a windshield. In addition, it is alleged that State Farm and its subcontractor Lynx Services used a common plan, including failure to disclose other options, to steer policyholders away from replacement toward the less costly and less reliable repair option.
*389 {¶ 56} Insofar as the plaintiffs have limited their class definition to those policyholders who were damaged by these two actions, they have formulated a class definition that satisfies Civ.R. 23, and their case should be permitted to proceed in accordance with the appellate court’s decision. And given the fact that State Farm had already lost a motion for summary judgment before class certification was even addressed, the argument that the manageability of the class was not explored by the trial court is not supported by the record. Perhaps it is this unusual process that inspires the majority to shoehorn the merits of the case into its review of the class certification, under the guise of the “rigorous analysis” a trial court is required to undertake prior to certifying a class. But in so doing, the majority fails to accord the trial court the deference to which it is entitled.
{¶ 57} The majority first faults the appellate court for failing to determine whether the policies in fact provided the option of a cash payout in lieu of repair or replacement of the windshield, and then faults the trial court for its decision that “ ‘Cullen has raised a colorable claim sufficient to satisfy the Civ.R. 23 standards.’ * * * (Emphasis added.)” Majority opinion at ¶ 33, quoting the court of appeals, 2011-Ohio-6621, 970 N.E.2d 1043, at ¶ 26. The majority boldly asserts that “Cullen had to demonstrate, and the trial court had to find, that questions common to the class in fact predominate over individual ones * * Majority opinion at ¶ 34. This holding is irreconcilable with our prior cases, most notably Ojalvo v. Bd. of Trustees of Ohio State Univ., 12 Ohio St.3d 230, 466 N.E.2d 875 (1984), syllabus, in which we held, “A court abuses its discretion in denying certification of a class action * * * when it requires a certainty that a common issue of fact ‘probably exists’ based on the merits of the class claim * * *.” The majority has not “clarified” Ojalvo, majority opinion at paragraph two of the syllabus, so much as it has overruled it.
{¶ 58} And ironically, the appellate court noted that the trial court had gone too far into the facts of the case at the certification stage by finding that “a cash-payout option was available and that State Farm failed to disclose that option.” 2011-Ohio-6621, 970 N.E.2d 1043, at ¶ 55. In its rush to end this litigation, the majority faults the appellate court for failing to do something that it had no duty to do under our prior cases, and something that the trial court did in fact do, at State Farm’s request. The majority has reached the opposite conclusion from that of the trial court on this factual issue, but the different perspectives are readily explained. The majority of this court did not have the benefit of the ten-hour certification hearing that the trial court did. That is precisely why we generally defer to the findings of trial courts.
{¶ 59} Our review in these matters is for an abuse of discretion. Such an abuse does not exist in this case. The class certification of the trial court was not *390 unreasonable, arbitrary, or unconscionable. It should be upheld. Accordingly, I respectfully dissent.
Bashein & Bashein Co., L.P.A., W. Craig Bashein, and John P. Hurst; and Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellee.
Baker & Hostetler, L.L.P., Mark A. Johnson, Joseph E. Ezzie, Robert J. Tucker, and Michael K. Farrell, for appellant.
Carpenter, Lipps & Leland, L.L.P., Michael H. Carpenter, and Katheryn M. Lloyd, urging reversal for amici curiae Nationwide Property and Casualty Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Mutual Insurance Company, Nationwide Insurance Company of America, Nationwide Assurance Company, and Nationwide General Insurance Company.
Thompson Hine, L.L.P., and Stephen J. Butler; and Severson & Werson and Jan T. Chilton, urging reversal for amicus curiae American Financial Services Association.
Thompson Hine, L.L.P., Elizabeth B. Wright, Brian A. Troyer, and Stephanie M. Chmiel, urging reversal for amici curiae Washington Legal Foundation and Ohio Chemistry Technology Council.
Vorys, Sater, Seymour & Pease, L.L.P., Philip F. Downey, Robert N. Webner, and Robert J. Krummen, urging reversal for amici curiae Grange Indemnity Insurance Company and Grange Mutual Casualty Company.
Vorys, Sater, Seymour & Pease, L.L.P., Thomas E. Szykowny, and Michael Thomas, urging reversal for amicus curiae National Association of Mutual Insurance Companies and Ohio Insurance Institute.
Bricker & Eckler, L.L.P., Kurtis A. Tunnell, and Anne Marie Sierra; and Shook, Hardy & Bacon, L.L.P., Victor E. Schwartz, Mark A. Behrens, and Cary Silverman, urging reversal for amicus curiae Ohio Alliance for Civil Justice.
Shook, Hardy & Bacon, L.L.P., Victor E. Schwartz, Mark A. Behrens, and Cary Silverman, urging reversal for amici curiae Ohio Chamber of Commerce, Ohio Alliance for Civil Justice, Chamber of Commerce of the United States of America, and American Tort Reform Association.
Pfeifer, J., concurs in the foregoing opinion.